**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------X

BENNIE GIBSON,

            **Plaintiff,**

    - against -

**COMMISSIONER OF MENTAL HEALTH,**
**et al.,**

            **Defendants.**

------------------------------------------------------X

**MEMORANDUM**
**OPINION AND ORDER**

**04 Civ. 4350 (SAS)**



**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I.   BACKGROUND

This is a pro se action brought pursuant to 42 U.S.C. § 1983 by

Bennie Gibson, a former inpatient at Mid-Hudson Forensic Psychiatric Center

("Mid-Hudson").  In his Complaint, plaintiff alleges that in March 2003, when he

was committed to Mid-Hudson, Thomas Catizone and Michael March, two Secure

Hospital Treatment Assistants at Mid-Hudson, assaulted him, and that Dr. Young

Bae, a former staff psychiatrist, kept him in a wrist-to-waist velcro restraint for

nine days.  Plaintiff also alleges that while he was at Mid-Hudson, legal papers

concerning his criminal case were destroyed and he was retaliated against and

harassed by certain individuals, not named as defendants herein, because he

testified against one of their colleagues.

On September 17, 2008, this Court granted a motion for partial summary judgment brought by the Commissioner of the New York State Office of Mental Health ("Commissioner"), Howard Holanchock, Peggi Healy, Dr. Bae, and Catizone (the "State Defendants") and a motion for summary judgment brought by the County of Orange and the Town of New Hampton (the "County Defendants").[1] Because I found that plaintiff failed to show that the Commissioner, Holanchock, and Healy were personally involved in any of the alleged wrongdoing, all claims against these defendants were dismissed.[2]  Plaintiff also failed to show that Catizone or Dr. Bae were personally involved in the alleged destruction of legal papers and retaliation/harassment claims, which were dismissed as to these defendants.[3]  The claims against the County Defendants were also dismissed.[4]  As a result of the Court's decision, two claims survived: (1) a claim against Catizone

---

[1]     At the time the State Defendants submitted their motion for partial summary judgment, the County Defendants also moved for summary judgment seeking dismissal of plaintiff's failure to investigate claim.  The County Defendants' motion was also granted. *See Gibson v. Commissioner of Mental Health*, No. 04 Civ. 4350, 2008 WL 4276208, at *1 (S.D.N.Y. Sept. 17, 2008) (the "Opinion and Order").

[2]     *See id.* at *9-10.

[3]     *See id.* at *11.

[4]     *See id.* at *13.

2

for the alleged assault, and (2) a claim against Dr. Bae for the alleged physical restraint.[5]

On November 7, 2008, plaintiff filed a Notice of Appeal, even though the Opinion and Order was not a final judgment. By Order dated December 12, 2008, I declined to certify the Opinion and Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). The instant motion was filed on January 6, 2009, pursuant to Federal Rule of Civil Procedure 60(b) ("Rule 60(b)") and seeks relief from, or reconsideration of, the Opinion and Order.[6] The State Defendants oppose plaintiff's motion.[7] For the following reasons, plaintiff's motion is denied.

## II.   LEGAL STANDARDS

### A.   Rule 60(b)

Rule 60(b) provides that a district court may relieve a party from a final judgment or order in five enumerated circumstances and, according to a sixth subclause, for "any other reason justifying relief from the operation of the

---

[5]    *See id.* at *1 n.3.

[6]    *See* Notice of Motion Pursuant to Wright-Miller-Marcus Kane Fed.RCiv.Proc. 60(b) For Reconsideration Relief From Judgement Order "in re" Summary Judgement.

[7]    *See* Memorandum of Law in Opposition to Plaintiff's Motion for Reconsideration or Reargument.

judgment."[8]  The Second Circuit has held that "[m]otions under rule 60(b) are addressed to the sound discretion of the district court and are generally granted only upon a showing of exceptional circumstances."[9]

"Rule 60(b) was intended to preserve the delicate balance between the sanctity of final judgments and the incessant command of the court's conscience that justice be done in light of all the facts."[10]  Accordingly, Rule 60(b) motions premised upon "mistake" are intended to provide relief to a party when "the judge has made a substantive mistake of law or fact in the final judgment or order."[11]  Thus, Rule 60(b)(1) motions can be used by a trial court to correct judicial errors.[12]

---

[8]      Fed. R. Civ. P. 60(b)(1) - (6).

[9]      *Mendell v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990) (citing *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986)), *aff'd*, 501 U.S. 115 (1991).

[10]     *Smalls v. United States*, 471 F.3d 186, 191 (D.C. Cir. 2006) (quotation marks, ellipses, and citation omitted).

[11]     *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir. 1996).

[12]     *See Jalapeno Prop. Mgmt., LLC v. Dukas*, 265 F.3d 506, 515 n.1 (6th Cir. 2001) (stating that mistake under Rule 60(b)(1) includes claims of legal error) (Batchelder, J., concurring); *Kingvision Pay-Per-View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 350 (9th Cir. 1999) ("[T]he words 'mistake' and 'inadvertence' . . . may include mistake and inadvertence by the judge."); *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999) (holding that a "mistake" may occur if the district court made a substantive mistake of law in the final judgment or order).  Relief under Rule 60(b)(1) is also appropriate where a court may have overlooked certain parties' arguments or evidence in the record. *See, e.g., Rumsey v. New York State Dep't of Corr. Servs.*, 580 F. Supp. 1052, 1055-56 (N.D.N.Y. 1984) (granting Rule

Ordinarily, a movant alleging a "mistake" under Rule 60(b)(1) "must show that the

district court committed a specific error."[13]   Moreover, "the district court is not

required to grant relief unless the legal error is obvious."[14]   However, Rule

60(b)(1) does not provide a party the opportunity to rehash arguments in an

attempt to win a point already "'carefully analyzed and justifiably disposed.'"[15]

### B.    Local Rule 6.3

Motions for reconsideration are governed by Local Civil Rule 6.3 of

the Local Rules of the United States District Courts for the Southern and Eastern

Districts of New York and are committed to the sound discretion of the district

court.[16]   A motion for reconsideration is appropriate where "'the moving party can

---

60(b)(1) motion where court may have overlooked triable issues of fact).

[13]    *Straw v. Bowen*, 866 F.2d 1167, 1172 (9th Cir. 1989).

[14]    *Chambers v. Florida Parole Comm'n*, No. 07-10998, 2007 WL 4275509, at *1 (11th Cir. Dec. 7, 2007).

[15]    *In re Bulk Oil (USA) Inc.*, No. 89-B-13380, 2007 WL 1121739, at *10 (S.D.N.Y. Apr. 11, 2007) (stating that a court should not "reconsider issues already examined simply because [a party] is dissatisfied with the outcome of his case. To do otherwise would be a waste of judicial resources.") (quotation marks and citation omitted).

[16]    *See Patterson v. United States*, No. 04 Civ. 3140, 2006 WL 2067036, at *1 (S.D.N.Y. July 26, 2006 ) ("The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court.") (citing *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983)).

point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'"[17] A motion for reconsideration may also be granted to "'correct a clear error or prevent manifest injustice.'"[18]

The purpose of Local Rule 6.3 is to "'ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'"[19] Local Rule 6.3 must be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court."[20] Courts have

---

[17]     *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003) (quotation marks omitted).

[18]     *RST (2005) Inc. v. Research in Motion Ltd.*, No. 07 Civ. 3737, 2009 WL 274467, at *1 (S.D.N.Y. Feb. 4, 2009) (quoting *Virgin Atl. Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

[19]     *Grand Crossing, L.P. v. United States Underwriters Ins. Co.*, No. 03 Civ. 5429, 2008 WL 4525400, at *3 (S.D.N.Y. Oct. 6, 2008) (quoting *S.E.C. v. Ashbury Capital Partners*, No. 00 Civ. 7898, 2001 WL 604044, at *1 (S.D.N.Y. May 31, 2001). *Accord Commerce Funding Corp. v. Comprehensive Habilitation Servs., Inc.*, 233 F.R.D. 355, 361 (S.D.N.Y. 2005) ("[A] movant may not raise on a motion for reconsideration any matter that it did not raise previously to the court on the underlying motion sought to be reconsidered.").

[20]     *United States v. Treacy*, No. 08 Cr. 0366, 2009 WL 47496, at *1 (S.D.N.Y. Jan. 8, 2009) (quotation marks omitted). *Accord Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (holding that a court will deny the motion when the movant "seeks solely to relitigate an issue already decided.").

repeatedly been forced to warn counsel that such motions should not be made reflexively in order to reargue "'those issues already considered when a party does not like the way the original motion was resolved.'"[21]  A motion for reconsideration is not an "opportunity for making new arguments that could have been previously advanced,"[22] nor is it a substitute for appeal.[23]

## III.  DISCUSSION

By its express terms, Rule 60(b) applies only to final judgments and orders, it does not apply to judgments and orders that do not resolve all of the claims of all of the parties.[24]  Rule 60(b) does not apply here because the Opinion and Order is interlocutory, not final, as it does not resolve all claims against all parties. The adjudication of the claim against Catizone for alleged assault and the claim against Dr. Bae for alleged physical restraint remains pending.  Accordingly,

---

[21]    *Makas v. Orlando*, No. 06 Civ. 14305, 2008 WL 2139131, at *1 (S.D.N.Y. May 19, 2008) (quoting *In re Houbigant, Inc.*, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996)).

[22]    *Associated Press v. United States Dep't of Defense*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005)

[23]    *See Grand Crossing, L.P. v. United States Underwriters Ins. Co.*, No. 03 Civ. 5429, 2008 WL 4525400 (S.D.N.Y. Oct. 6, 2008).

[24]    *See  Aini v. Sun Taiyang Co., Ltd.*, 174 F.R.D. 327, 329 (S.D.N.Y. 1997); *Burke v. The Warren County Sheriff's Dep't*, 916 F. Supp. 181, 183 (N.D.N.Y. 1996) ("Interlocutory orders and judgments are not subject to the strictures of Rule 60(b) . . . .").

7

plaintiff cannot invoke Rule 60(b).

If plaintiff's motion is construed as an application under Local Civil

Rule 6.3 for reconsideration or reargument, it is untimely because it was not

served within ten days of the decision's entry.[25]   The ten-day time limit

commences upon "entry" of the court's ruling.[26]   The Opinion and Order was

docketed on September 17, 2008.[27]   Plaintiff's motion for reconsideration was due

---

[25]   A motion for reconsideration must be served within ten days after the entry of the court's original determination. *See* Local Civil Rule 6.3 ("A notice of motion for reconsideration or reargument *of a court order determining a motion* shall be served within ten (10) days after *the entry* of the court's determination of the original motion, *or in the case of a court order resulting in a judgment, within ten (10 ) days after the entry of the judgment*.") (emphasis in original).   Failure to comply with this ten-day deadline ordinarily bars a motion for reconsideration, although a court may grant an extension of the deadline for good cause. *See Grand Crossing L.P. v. U.S. Underwriters Ins. Co.*, No. 03 Civ. 5429, 2008 WL 4525400, at *2 (S.D.N.Y. Oct. 6, 2008).

[26]   *See Grand Crossing*, 2008 WL 4525400, at *2.

[27]   *See* Electronic Case Filing Document # 118 (OPINION AND ORDER #96512: re: For the foregoing reasons, the State defendant' motion for partial summary judgment and the County defendants' motion for summary judgment are granted. A conference is scheduled for September 26, 2008, at 4:00 p.m., in Courtroom 15C. The Clerk of the Court is directed to close these motions (Documents # 94 and 106). Because some of plaintiff's claims have survived, it is likely that this case will go to trial. In anticipation thereof, this Court's Pro Se Office is directed to put plaintiff on the Court's pro bono list in the hope of obtaining legal representation. (Signed by Judge Shira A. Scheindlin on 9/17/08) Copies Mailed By Chambers.(pl) Modified on 9/19/2008 (mro). (Entered: 09/17/2008)).

8

by September 29, 2008.  According to plaintiff's Affidavit of Service, he served his motion on November 12, 2008, almost two months after the Opinion and Order had been docketed.  Plaintiff has not shown good cause for his failure to serve  the motion within the required ten-day period.  Consequently, Local Civil Rule 6.3 is also unavailing.

Even if the Court were to excuse or disregard the untimeliness of service, the motion must be denied because plaintiff has failed to show that reconsideration or reargument is warranted.  Plaintiff points to no controlling authority overlooked by this Court, nor does he show that this Court overlooked controlling facts.  Thus, there is no basis on which to grant plaintiff's motion for reconsideration.

## IV.  CONCLUSION

For the foregoing reasons, plaintiff's motion for reconsideration is denied.[28]  The Clerk of the Court is directed to close this motion (Document # 127).

---

[28]    In light of this denial, plaintiff is hereby ordered to cease calling Chambers on a daily basis and leaving lengthy voicemail messages.  If plaintiff truly wants to advance this action, he should call the Court's Pro Se Department to see if they have found him a pro bono attorney to try his case.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            February 11, 2009

## - Appearances -

**Plaintiff (Pro Se):**

Bennie Gibson
Kirby Psychiatric Facility
Ward's Island Complex
New York, NY 10035

**For Defendants:**

Michael E. Peeples
Assistant Attorney General
New York State Office of the Attorney General
120 Broadway
New York, NY 10271
(212) 416-8771